IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Barbara Ann Craft<br>　　　　　　　Debtor | CHAPTER 13 |
| Nationstar Mortgage LLC d/b/a Champion Mortgage Company<br>　　　　　　　Movant<br>vs. | NO. 20-13094 PMM |
| Barbara Ann Craft<br>　　　　　　　Debtor | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>　　　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition default with regards to the Claim held by the Movant on the Debtor's residence is **$2,776.75** which breaks down as follows;

| | |
|---|---|
| Taxes for Quarter 1, 2020: | $1,545.75 |
| Fees & Costs Relating to Motion: | $1,231.00 |
| **Total Post-Petition Arrears** | **$2,776.75** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within fourteen (14) days of the filing of this Stipulation, Debtor shall make a payment in the amount of **$1,545.75** to Movant, representing the above Quarter 1 taxes previously disbursed by Movant. Payment shall be made to:

Champion Mortgage Company
P.O. Box 619093
Dallas, TX 75261

b). With regards to the fees and costs relating to the motion in the amount of $1,231.00, this amount is deemed recoverable and Movant is authorized to add to the underlying principal balance.

3. Ongoing, Debtor shall be responsible for maintaining and paying all real property taxes and hazard insurance on the property as required by the Note and Mortgage, and upon request, providing secured creditor with proof of payment of real property taxes (or proof of a payment plan for the taxes and compliance therewith) and with proof of valid hazard insurance for the property with secured creditor identified as a loss payee.

4. In the event Debtor does not comply with Section 2 or Section 3 pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: December 18, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: January 6, 2021

/s/ Charles Laputka, Esquire
Charles Laputka, Esquire
Attorney for Debtor

Date: 1/11/2021

Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this 12th day of January, 2021, 2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Patricia M. Mayer